Jose Abel **MORENO–CORONA**,
Petitioner,

v.

John **ASHCROFT**, Attorney
General,* Respondent.

No. 01–71629.

Agency No. A74–412–835.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.**

Decided July 29, 2003.

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

\* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

MEMORANDUM***

Jose Abel Moreno–Corona, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his application for suspension of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *Ram v. INS*, 243 F.3d 510, 512 (9th Cir.2001). We review de novo, *id.* at 513, and we deny the petition.

Moreno–Corona argues that the BIA erred in applying the Illegal Immigration Reform and Immigrant Responsibility Act's ("IIRIRA") stop-time provision, IIRIRA § 309(c)(5), to his application for suspension of deportation. The BIA properly applied the stop-time provision because the stop-time provision applies to all applications for suspension of deportation that were pending on the date of IIRIRA's enactment. *See Ram*, 243 F.3d at 516. Under the stop-time provision, Moreno–Corona stopped accruing time towards the continuous physical presence requirement on September 24, 1996, when the Immigration and Naturalization Service issued the order to show cause. *See id.* at 514–16. Moreno–Corona's contentions that the government should be equitably estopped from applying the stop-time rule and that the rule violates his due process rights are unpersuasive in light of our precedent. *See id.* at 516–17.

**PETITION FOR REVIEW DENIED.**

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.